# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| Logan Waites, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| Halsted Financial Services, LLC, an Illinois limited liability company, | ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Logan Waites, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Logan Waites ("Waites"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for medical services to Alabama Emergency Physicians.

4. Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Halsted operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant Halsted was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Halsted is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant Halsted conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed for medical services to Alabama Emergency Physicians. Defendant Halsted attempted to collect this debt from him via a negative credit report. Unsure about Defendant Halsted, and unsure about the debt, Mr. Waites consulted with counsel about his debt issues and the debt that Halsted was trying to collect.

7. Accordingly, Mr. Waites' attorney wrote to Defendant Halsted, via letters dated September 22, 2020 and September 24, 2020, to dispute the debt Halsted was trying to collect. Copies of these letters are attached as Group Exhibit B.

8. On November 23, 2020, Mr. Waites obtained and reviewed a copy of his TransUnion credit report, which showed that Defendant Halsted had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Mr. Waites' TransUnion credit report is attached as Exhibit C.

9. Defendant's violation of the FDCPA was material because Defendant's failure to note that the debt was disputed, when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that he did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Mr. Waites and impacted his credit score.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Logan Waites, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Waites, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Logan Waites, demands trial by jury.

                        Logan Waites,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

                        By: /s/ Bradford W. Botes
                        One of Plaintiff's Attorneys

Dated: November 30, 2020

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com